## Wingate *v.* Nutter & a. & Tr.

If it appear by the disclosure of a trustee that he has given negotiable notes to the principal for a debt due him, he will not be permitted to come in afterwards, and defend as a *bonâ fide* holder of such notes, according to the provisions of the Revised Statutes, chapter 208. If he has paid the notes to an actual holder, he must state the facts in his disclosure.

Foreign Attachment. The disclosure was taken and sworn to at the August term, 1846, and at the January term following the following order was entered:

"John A. Wingate *v.* Nathaniel Nutter and George Nutter, and William C. Osgood, their trustee.

"It appearing from the disclosure of the trustee that at the time of the service of the writ, and afterwards, he was indebted to said Nathaniel Nutter by three negotiable promissory notes, each made in this State, and each dated on or about the third day of January, 1843; one for

$350, payable in two years from said date, with interest; one other for $390.41, payable in four years from said date, with interest, and the other for $375, payable in three years from said date, with interest, upon which last mentioned note $300 had been paid before the service of the writ."

" On motion of Daniel M. Christie, attorney for the plaintiff, it is ordered, that notice be given for the information of any person or persons who may claim an interest in said notes, or any of them, so that said person or persons may appear at the next term of the court of common pleas, to be holden at Dover, in said county, on the first Tuesday of August next, and show that the said notes, or any of them, if transferred, were transferred to them or him in good faith, and for an adequate consideration, before the service of said trustee process; by causing a copy of this order to be published three weeks," &c.

At the August term, 1847, the foregoing order having been complied with, and no one else appearing to claim any interest in any of the notes mentioned in the disclosure of William C. Osgood, Osgood himself submitted a motion that he " be permitted to come in and assert and defend the claim and title of the several individuals named in his disclosure, to the several notes therein named, as having had those notes indorsed to them, he having paid those notes, and thereby became the legal holder of the same."

To the allowance of this motion the plaintiff objected, but the same was allowed, and exception to the ruling was taken by the plaintiff, and the cause was transferred to this court.

*Christie*, for the plaintiff.

*James Bell*, for the defendant.

GILCHRIST, J. The Revised Statutes, chap. 208, sec. 7, make provision for bringing into court such as claim to hold, by regular transfer, notes given by the trustee to the defendant, and which, but for such lawful transfer, might be evidence of the indebtedness of the trustee to such defendant.

If such supposed holders have received their pay, whether pending the proceedings, or before their commencement, the question arises between the trustee and the plaintiff in the suit, whether such payment has been made under such circumstances that the trustee may not still be chargeable as the debtor of the principal defendant in the suit.

Upon this question the plaintiff is entitled to the trustee's disclosure, and, having elected to take it, the trustee is in turn entitled to make such disclosure for his own protection. The court will, upon application, under proper circumstances, for the furtherance of such just purposes, permit additions to be made to the disclosure from time to time before final judgment.

Such is the proper course in the present case. The trustee is in no sense the holder of the notes which he has given and paid, and is not intended as such by the statute in making the provisions that have been adverted to. He is or he is not the debtor of the principal defendant. How this is must appear by the means pointed out by the statute to try that specific question.

The motion of the trustee should have been denied, and the cause must be sent back for such order.

*Motion of trustee denied.*